Stewart, J.,
concurring. I concur generally in the majority opinion in these cases, but I desire to expand my views upon the problem confronting us. In so doing, I shall first resort to some trite truisms.
The Unemployment Compensation Act is entirely statutory and as such is a creature of the General Assembly. This court has no authority to make such a law or to change or modify it. Our sole function is to interpret the meaning of what the General Assembly has said.
According to the Unemployment Compensation Act, there must be deducted from any payments under the act any re- *329 numeration paid to the employee by the employer for services to that employer, and the question which confronts us is whether supplemental unemployment benefit payments as herein involved constitute such remuneration.
Supplemental unemployment benefits, referred to herein as SUB, are the result of a contractual arrangement entered into by. collective bargaining between a vigilant intelligent union and a vigilant intelligent management. Under such arrangement the employer pays stipulated wages for work performed and, as a fringe benefit, pays to a trustee certain sums based upon employees’ wages, which sums shall be available to employees when they are not receiving their regular wages because of lack of work. These SUB payments are not contributions from the employer; they are not gratuitous gifts; they are not deductions from the wages of employees; but they are fringe benefits in the way of remuneration to be paid for services, as enumerated in the majority opinion, when, for lack of work, the employees are not receiving their regular wages.
With commendable candor, all parties concede that at the time SUB payments are made to the trustee they constitute remuneration to the employees, but it is contended that, by some fourth-dimension legerdemain, such payments become something else after they are lodged in the trust fund. I cannot follow the intricacies of such a mysterious metamorphosis. In my opinion, SUB funds paid to the trustee, which are disbursed to the employees when they are not receiving their regular wages, retain the character of remuneration and, as such remuneration, are paid to each employee for the week in which he is not receiving his regular wage. If this be so, then, under the law as enacted by the General Assembly, such remuneration must be deducted from unemployment compensation.
It is contended that SUB payments are not deductible because when the employees receive them they are payments for periods of time different from the ones in which they were earned, but it seems to me that as long as such funds remain with the trustee they constitute a fund from which, in the first instance upon the decision of the employer, payments are made to the employee for the period in which he is without his regular wage.
*330 It would be a pleasant experience, of course, for an employee to receive in full both his SUB payments' and unemployment compensation, but, as we have said, this court does not write legislation, nor has it authority to change or modify statutory enactments. Such action upon the part of the court would constitute legislative usurpation and upset the constitutional concept of the separation of the powers of the three branches of government, upon which so much of our freedom and' prosperity depends.
The General Assembly, however, which has full power, within constitutional limits, to enact statutes and to change and modify them, can change its present enactment requiring remuneration to be deducted from unemployment compensation and, with little more than a stroke of a pen, can pass legislation providing that unemployment compensation shall be paid in full without any deduction on account of SUB payments.
The new session of the General Assembly, convenes early in January of next year, and doubtless very early in its session the problem of unemployment compensation and SUB payments will be in its lap. That is where it belongs.
Herbert, J., concurs in the foregoing concurring opinion.